2082

Clifford W. BARBER, Executor of the Estate of Triphy C. Barber, Appellant-Respondent v. David R. HOBBS, M.D., Respondent-Appellant.

(437 S.E. (2d) 409)

Court of Appeals

*Robert F. McMahan, Jr.,* of *Harris & Graves,* Columbia; and *O. Fayrell Furr, Jr.,* of *Furr & Henshaw,* Myrtle Beach, *for appellant-respondent.*

*Donald V. Richardson, III, Charles E. Carpenter, Jr.,* and *Deborah L. Harrison,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent-appellant.*

Heard Sept. 8, 1993.

Decided Oct. 11, 1993.

CONNOR, Judge:

Clifford W. Barber (Barber) brought this action against David R. Hobbs, M.D. (Dr. Hobbs) for the wrongful death of his wife, Triphy C. Barber (Mrs. Barber). Mrs. Barber died on May 31, 1987, from complications of necrotizing pneumonia she developed while in the hospital for treatment of an allergic reaction. The jury found in favor of Dr. Hobbs. We affirm.

On appeal, Barber argues the trial judge erred by allowing Dr. Hobbs to amend his answer to an admission during discovery. Dr. Hobbs had answered Requests for Admissions dated February 6, 1989, as follows:

> REQUEST: Do you admit that on May 22, 1987, the Defendant diagnosed plaintiff's decedent's condition as pneumonia.
> RESPONSE: Admitted.

At trial, however, Dr. Hobbs testified that although he was worried about pneumonia on May 22, and therefore ordered x-

rays, he actually diagnosed pneumonia only upon reviewing the x-ray report the following morning.

Barber called Dr. Hobbs as the first witness at trial, having previously taken his deposition on April 11, 1989. At his deposition, Dr. Hobbs testified that he "suspected" pneumonia the night of May 22. Once Dr. Hobbs testified as he did at trial, Barber, rather than asking the trial judge to excuse the jury and rule that the admission be "deemed admitted," extensively examined Dr. Hobbs concerning the prior inconsistent statement, thereby attacking his credibility.

The issue of the Request for Admissions was first raised by Dr. Hobbs when he moved to amend the admission pursuant to Rule 36(b), SCRCP, after he had been fully examined by Barber and Dr. Hobbs. The trial court granted the motion, reasoning it would be an injustice to preclude Dr. Hobbs from denying the admission, and further ruling, Barber had waived the benefit of the admission by thoroughly examining Dr. Hobbs on the issue.

Barber elicited Dr. Hobbs's testimony and chose to extensively examine him on his prior admission. By doing so, Barber made the question of Dr. Hobbs' credibility one for the jury. Therefore, since Barber's trial strategy caused the alleged errors, Barber has waived his right to complain on appeal. *See State v. Thomas*, 248 S.C. 573, 151 S.E. (2d) 855 (1966) (a litigant may not preserve a vice until he learns of the result and then take advantage of the error on appeal).

Furthermore, even assuming Barber did not waive his right to argue this issue, Rule 36(b), SCRCP, sets forth a two-part test concerning the amendment of an admission: 1) is presentation of the merits furthered by the amendment; and 2) did the party who obtained the admission establish prejudice because of the amendment? *Cf. Baughman v. American Tel. and Tel. Co.*, 306 S.C 101, 110, 410 S.E. (2d) 537, 542 (1991).

The first part of the test is necessarily satisfied because Barber's attorney called the admission "a crucial issue in this case." *See Baughman*, 306 S.C. at 110, 410 S.E. (2d) at 542 (presentation of merits subserved where admissions, if not dispositive, involve key factual elements of plaintiffs' causes of action). Barber has not, however, established he prejudicially relied on the admission, the second part of the test.

Barber did not move for a continuance or a mistrial, nor did he show the court what he would do differently if he had known in advance. Moreover, Barber's expert's opinion was not based on the admission. Rather, the expert testified that Dr. Hobbs *should have* done the x-ray on May 22, in which event he could have diagnosed pneumonia on that night. We find Barber has failed to demonstrate prejudice.

Having reached this conclusion, we need not address Dr. Hobbs' cross appeal. For the reasons stated, we affirm.

Affirmed.

SHAW and BELL, JJ., concur.